United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50711
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MEZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-653-1
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Christopher Meza appeals his convictions and sentences for conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), 846. Meza argues that the district court erred in allowing his post-arrest photographs into evidence and in refusing to adjust his sentence for a minor role in the offense.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Given that the jury was aware the photographs were post-arrest photographs and not mug shots and that Meza did not object to the admission of the other defendants' photographs, the district court's admission of Meza's post-arrest photographs was not an abuse of discretion.  See United States v. Carrillo, 20 F.3d 617, 620 (5th Cir. 1994); United States v. Cochran, 697 F.2d 600, 608 (5th Cir. 1983).  Even if the district court's evidentiary ruling had been an abuse of discretion, however, the ruling was harmless in light of the other "strong evidence" against Meza.  United States v. Torres-Flores, 827 F.2d 1031, 1038 (5th Cir. 1987).

United States Sentencing Guidelines § 3B1.2 provides a reduction of two levels for a "minor" participant in an offense. A minor participant is any participant "who is less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, comment. (n.5); United States v. Zuniga, 18 F.3d 1254, 1261 n.10. (5th Cir. 1994).  As Meza was directly involved in finding a supplier for the cocaine and directly involved in the delivery of the cocaine, his level of involvement in the offense was not minor.  See United States v. Miranda, 248 F.3d 434, 446-47 (5th Cir. 2001).  Accordingly, the district court did not clearly err in refusing to adjust Meza's offense level under United States Sentencing Guidelines § 3B1.2. See United States v. Deavours, 219 F.3d 400, 404 (5th Cir. 2000).

Meza's convictions and sentences are AFFIRMED.